UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 2:13-CR-21-DLB-HAI-1 |
| ) | |
| v. ) | RECOMMENDED DISPOSITION |
| ) | |
| FREDERICK M. HARRIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

*** *** *** ***

On April 7, 2017,[1] federal prisoner Frederick M. Harris filed a motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. D.E. 139. The matter was assigned to the undersigned in accordance with Rule 4 of the Rules Governing Section 2255 Cases for the purposes of conducting a preliminary review. *See* Rules Governing Section 2255 Cases, Rule 4. After conducting an initial review of the motion, the Court found that it did not substantially follow the section 2255 form, plainly appeared time-barred, and that Harris waived his right to collaterally attack his sentence in his plea agreement. The Court ordered Harris to file a corrected petition that substantially followed the section 2255 form, as required by Rule 2 of the Rules Governing Section 2255 Proceedings, and also ordered him to show cause why his petition should not be dismissed as untimely or pursuant to the

---

[1]Harris originally filed his motion in the form of a memorandum that was signed on April 7, 2017, but not docketed until April 10, 2017. D.E. 139. Although Harris signed the motion on April 7, 2017, he did not provide that such signature was made under penalty of perjury. *Id*. at 9. Accordingly, the Court ordered him to submit a corrected motion on the appropriate form signed under penalty of perjury by May 15, 2017. D.E. 141. Harris submitted a revised petition signed under penalty of perjury on May 9, 2017. D.E. 142. Though the corrected Motion was not docketed until May 18, 2017, Harris affirmed under penalty of perjury that he placed the motion in the prison mailing system on May 9, 2017. D.E. 142 at 12. The prison mailbox rule deems the date of placement in the prison mailing system to be the filing date. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002). Regardless of the filing date used to calculate the statute of limitations, April 7 or May 9, 2017, the petition is still untimely for the reasons discussed below.

collateral attack waiver contained in his plea agreement. D.E. 141. He filed a corrected petition and a response to the Court's show cause order on May 18, 2017. D.E. 142; 143.

During preliminary review, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Id*.; *see also* 28 U.S.C. § 2255(b) (permitting dismissal of a § 2255 motion when "the files and records of the case conclusively show that the prisoner is entitled to no relief"). Accordingly, upon review of Harris's motion, corrected motion, and response to the Court's show cause order, the Court **RECOMMENDS** that his section 2255 motion to vacate be **DISMISSED**.

## I.   Background

On February 11, 2013, a federal grand jury returned an indictment charging Harris with two counts of conspiracy to distribute a mixture or substance containing a detectable amount of heroin, cocaine, and marijuana in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846, and two counts of aiding and abetting in the distribution of heroin in violation of 21 U.S.C. § 841(a)(1), all in violation of 18 U.S.C. § 2. D.E. 1. Harris faced a maximum term of imprisonment of 30 years on each count due to a prior felony drug conviction. *Id*.; D.E. 49. Rearraignment proceedings occurred on July 2, 2013, before District Judge Thapar. D.E. 72; D.E. 102. After a plea colloquy, Harris pled guilty to conspiracy to distribute a mixture or substance containing a detectable amount of cocaine, heroin, and marijuana as charged in Count 1 of the indictment. D.E. 102 at 25. Finding that Harris's plea was knowing and voluntary, Judge Thapar accepted the plea and adjudged Harris guilty of the offense in Count 1. *Id*. at 25-26. The plea agreement contained a provision in which Harris "waive[d] the right to attack collaterally the guilty plea, conviction, and sentence" except for claims of ineffective assistance

of counsel. D.E. 73 at ¶ 7. Harris timely appealed (D.E. 96), and the Sixth Circuit affirmed his conviction (D.E. 107).

## II. Discussion

### A. Timeliness

Harris's motion should be dismissed as untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for filing a motion under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). The statute provides that the limitation period begins to run from the latest of four specified dates, only one of which is ultimately relevant here: "the date on which the judgment of conviction becomes final." *Id*. § 2255(f)(1). Section 2255(f)(2), (3), and (4) may alter this date in certain situations, but none are applicable to Harris's motion in this case despite his assertions to the contrary.

On October 30, 2013, District Judge Thapar entered a Judgment against Harris following his guilty plea to conspiracy to distribute controlled substances. D.E. 95. He timely appealed his conviction. D.E. 96. On October 1, 2014, the Sixth Circuit affirmed Harris's conviction and sentence. D.E. 107. On this date, the 90-day clock began to run for Harris to appeal to the United States Supreme Court. United States Supreme Court Rule 13.3. That 90-day period expired on Tuesday, December 30, 2014. At that point, his conviction became "final" for purposes of section 2255(f)(1), and the one-year statute of limitations began to run. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004). That statute of limitations under section 2255(f)(1) expired on December 30, 2015. Harris did not file his petition until, at the earliest, April 7, 2017. D.E. 139.

After reviewing Harris's section 2255 motion, the Court ordered him to show cause as to why his petition should not be dismissed as untimely. D.E. 141. Harris asserts two arguments in

support of his claim that his petition is timely. D.E. 143. First, Harris argues that section 2255(f)(4) should apply to his petition. *Id*. at 1. That provision states that the limitation period begins to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Specifically, he claims that the Supreme Court's holding that a prior violent felony does not qualify as an enumerated violent offense listed in the Armed Career Criminal Act if an element of the crime of conviction is broader than an element of the generic offense in *Mathis v. United States*, 136 S. Ct. 2243 (2016), set forth new facts that "'could have been discovered through the exercise of due diligence' only within the past year." D.E. 143 at 1 (quoting 28 U.S.C. § 2255(f)(4)). He contends that "he could not have discovered the underlying facts, in light of *Mathis*, until June 23, 2015[,]" and therefore, his petition is timely. *Id*. Harris cites *United States v. Johnson*, 544 U.S. 295 (2005), in support of his assertion that the holding in *Mathis* qualifies as a newly discovered fact under § 2255(f)(4). D.E. 142-1 at 3. However, the issue in *Johnson* was "when the 1–year statute of limitations in 28 U.S.C. § 2255 beg[an] to run in a case of a prisoner's collateral attack on his federal sentence on the ground that a state conviction used to enhance that sentence ha[d] since been vacated," and is not applicable here. *Johnson*, 544 U.S. at 298.

Harris's reliance on 28 U.S.C. § 2255(f)(4) in both his section 2255 motion and his response to the show cause order is misplaced. Here, unlike *Johnson*, Harris's state convictions have not been vacated, and *Mathis* is not a factual proposition but rather a legal pronouncement rendered by the United States Supreme Court. *See Johnson v. United States*, 340 F.3d 1219, 1223 (11th Cir. 2003) ("A factual proposition is typically something capable in principle of falsification . . . by some empirical inquiry, while a legal proposition is identified by consulting

4

some authoritative legal source.") Accordingly, section 2255(f)(4) is inapplicable to Defendant's motion.

Next, Harris argues that his petition should not be dismissed as untimely because "he has made a prima facie showing of Entitlement [sic] to relief" pursuant to 28 U.S.C. § 2244(b)(3)(C), which is "'not a difficult standard to meet.'" D.E. 143 (quoting *In re Embry*, 831 F.3d 377, 381 (6th Cir. 2016)). He further claims that "the district court is then free to decide whether his convictions for Trafficking [sic] count as a controlled substance offense under § 4B1.2." *Id*. at 2.

Harris's reliance on 28 U.S.C. § 2244(b)(3)(C) is misplaced. Section 2244(b) is only applicable to second or successive petitions. Specifically, section 2244(b)(3)(C) enunciates the standard used by a court of appeals when deciding whether a successive petition should be allowed to proceed. 28 U.S.C. § 2244(b)(3)(C). Harris's petition is not second or successive. Therefore, the "prima facie showing" standard of section 2244(b)(3)(C) is inapplicable.

Harris has failed to demonstrate that his petition is timely. The one-year statute of limitations pursuant to section 2255(f)(1) began to run on December 30, 2014, and expired on December 30, 2015. Harris's petition was not filed until April 7, 2017. Accordingly, his petition is time-barred, and he is not entitled to relief.

**B. Collateral Attack Waiver**

Generally speaking, a prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) ("[B]oth the right to appeal and the right to seek post-conviction relief are statutory rights"). For a federal prisoner to prevail on a section 2255 claim, he must show that:

> the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . .

28 U.S.C. § 2255. If the movant alleges a constitutional error, he must establish by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), that the error "had a substantial and injurious effect or influence on the proceedings," *Watson*, 165 F.3d at 488 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). However, if the movant alleges a non-constitutional error, he "must establish a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (quotation omitted).

A motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction. A criminal defendant may waive any right, including a constitutional right, in a plea agreement, provided that such waiver is both knowing and voluntary. *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001). Specifically, the Sixth Circuit has held that a defendant's informed and voluntary waiver of the right to collateral attack bars any such relief. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (citing *Watson*, 165 F.3d at 486). A waiver in a plea agreement is considered knowing and voluntary if a defendant testified that his guilty plea was not coerced and that he reviewed and understood the plea agreement's terms. *Id.*

An exception to this general rule exists if the collateral attack concerns the validity of the waiver itself. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). The *Acosta* court reasoned that "it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself." *Id.* Absent articulation of a valid basis for attacking the validity of the plea in the section 2255 motion, collateral-attack waivers are upheld if such waivers were knowing and voluntary. *Short v. United States*, 471 F.3d 686, 697-98 (6th Cir. 2006); *Watson*, 165 F.3d at 489.

6

As noted above, Harris pled guilty pursuant to a plea agreement that contained the following provision:

> Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

D.E. 73 at ¶ 7.  His section 2255 motion does not raise a claim of ineffective assistance of counsel.  Thus, Harris's claims are foreclosed to the extent the waiver was knowing, voluntary, and intelligent, and not the product of ineffective assistance of counsel.

### 1. Harris's Plea and Collateral Attack Waiver were Knowingly, Voluntarily, and Intelligently Made

A guilty plea is only valid "if it is entered knowingly, voluntarily, and intelligently by the defendant." *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)).  Federal Rule of Criminal Procedure 11 "is meant to ensure that the district court is satisfied that" this requirement has been met. *Id.*  Thus, Rule 11 requires the Court to verify "that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *Id.* at 378-79.

Here, Judge Thapar thoroughly discussed these Rule 11 requirements with Harris. Initially, Judge Thapar inquired into his competency to proceed.  D.E. 102 at 3-6.  Judge Thapar also confirmed that he had seen the indictment in the case and the charges against him. *Id.* at 6-7. Judge Thapar further verified that Harris had discussed all aspects of his case with his lawyer before he chose to pled guilty:

| | |
|---|---|
| THE COURT: | Have you discussed everything you needed to discuss in order to enter a knowing, voluntary and intelligent plea here today? |
| THE DEFENDANT: | Yes, Your honor. |

| | |
|---|---|
| THE COURT: | Have you discussed all the counts of the indictment with your attorney? |
| THE DEFENDANT: | Yes, Your honor. |
| THE COURT: | Have you discussed all the potential defenses you may have with your attorney? |
| THE DEFENDANT: | Yes, Your honor. |
| . . . | |
| THE COURT: | And have you also discussed the maximum possible penalty that might be imposed in this case with your attorney? |
| THE DEFENDANT: | Yes, Your honor. |

*Id*. at 6.

Not only did Harris indicate that he had gone over the aspects of his case and pleading guilty with his attorney, but the United States also recited the essential terms of the agreement aloud in open court. *Id*. at 18-21. Judge Thapar also explained the constitutional rights Harris would be giving up by pleading guilty, including the right to a speedy trial by jury, the right to counsel, the right to compulsory process, and the right to cross-examine witnesses. *Id*. at 16-18. Similarly, Judge Thapar informed him that he would be giving up certain civil rights by pleading guilty, including the rights to vote, serve on a jury, hold public office or carry a firearm. *Id*. at 11-12. Furthermore, Judge Thapar thoroughly explained the Sentencing Guidelines as well as the process used to determine his sentence. *Id*. at 12-13; 26-27.

Judge Thapar also extensively explained the effect of the waiver provision contained in the plea agreement:

| | |
|---|---|
| THE COURT: | I want to go over with you a specific provision of your plea agreement, and I want you to pull it out for me. Look at paragraph 7, if you can. Do you have that in front of you? |

8

| | |
|---|---|
| THE DEFENDANT: | Yes, Your honor. |
| THE COURT: | Okay. It says you waive the right to appeal your guilty plea and conviction. Do you understand that once you are adjudged guilty; in other words, once I put a judgment in this case, you cannot appeal the guilty plea that you're taking today or your conviction? |
| THE DEFENDANT: | Yes, Your honor. |
| THE COURT: | It also says that you reserve the right to appeal the sentence imposed. Do you understand that that means that any sentence I impose, you can appeal? |
| THE DEFENDANT: | Uh-hmm. |
| THE COURT: | And then finally, it says except for claims of ineffective assistance of counsel, you waive the right to attack collaterally your guilty plea, conviction and sentence. So once you're in jail, if you want to file a habeas corpus petition, you understand the only thing you can challenge is the ineffective assistance of your counsel? |
| THE DEFENDANT: | Yes, Your honor. |
| THE COURT: | Do you understand that that's very difficult to challenge? |
| THE DEFENDANT: | Yes, Your honor. |

*Id.* at 13-14. Before pleading guilty, Harris acknowledged that no promises other than those contained in the plea agreement were made to induce him to enter a guilty plea and no one forced him to enter a plea of guilty:

| | |
|---|---|
| THE COURT: | Is your decision to plead guilty your own free and voluntary act? |
| THE DEFENDANT: | Yes, Your honor. |
| THE COURT: | Have you been subjected to any threats or force of any kind which cause you to plead guilty? |
| THE DEFENDANT: | No, Your honor. |

*Id.* at 22.

9

After this colloquy, and after Harris discussed his conduct giving rise to the charges (*id*. at 24-25), he entered a plea of guilty (*id*. at 25). Judge Thapar made the following findings and accepted his guilty plea:

> The Court has observed the appearance and responsiveness of Mr. Harris in giving his answers to the questions asked. Based on such observation and the answers given, the Court is satisfied that Mr. Harris is in full possession of his faculties, he's not suffering from any apparent physical or mental illness, he's not under the influence of narcotics or alcohol. He's fully engaged in the proceeding and understands my questions and speaks clearly and looks me in the eye as he answers my questions. He understands the nature and meaning of the charges and the consequences of his guilty plea. He is aware of all plea negotiations undertaken on his behalf.
> Therefore, I find Mr. Harris is fully competent and capable of entering an informed plea, and that his plea of guilty is a knowing and voluntary plea, supported by an independent basis in fact, containing each of the essential elements of the offense. His plea of guilty is therefore accepted.

*Id*. at 25:22-26:14. These exchanges, when combined with the express waiver provision of the plea agreement, leave no doubt that Harris knowingly, intelligently, and voluntarily pled guilty and waived his right to collaterally attack his guilty plea, conviction, and sentence. Nothing in the record suggests otherwise. This conclusion is supported by paragraph 12 of the plea agreement, which states:

> The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

D.E. 73 at ¶ 12.

Harris was given the opportunity to demonstrate that his waiver was not knowingly, voluntarily, and intelligently made through his response to the Court's show cause order. D.E. 141. In his response, he claims that he can only abandon "known rights," and that he "could not have intentionally relinquished a claim based on *Mathis*, which was decided after his sentencing." D.E. 143 at 2. Harris is correct that he can only abandon known rights. However,

10

the right at issue here is Harris's right to collaterally attack his sentence as a whole. It is well-established that a criminal defendant may waive any right, including a constitutional right, in a plea agreement, provided that such waiver is both knowing and voluntary. *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001). Specifically, the Sixth Circuit has held that a defendant's informed and voluntary waiver of the right to collateral attack bars any such relief. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (citing *Watson*, 165 F.3d at 486).

As discussed above, Harris knowingly, voluntarily, and intelligently waived his right to collaterally attack his sentence. The waiver applies even to any later-developed *Mathis* claim. Despite being given the opportunity to demonstrate otherwise through his response to the Court's show cause order, Harris has not challenged the validity of his collateral attack waiver. Thus, he is bound by it.

### III. Conclusion

In sum, the Court finds that Harris's waiver of the right to collaterally attack his sentence was knowingly, voluntarily and intelligently made. His motion is also untimely. Therefore, the Court **RECOMMENDS** that Harris's motion to vacate be **DISMISSED**.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 21st day of June, 2017.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge